McIlvaine, J.
The judgment of the district court is sought to be maintained on the ground that the court of common pleas erred in overruling the demurrer to the petition.
The only point made in argument by defendant in error on this demurrer, is that the petition alleges that the claim sued on was duly allowed by the successive representatives of the estate of Truex as a valid claim against that estate ; and therefore, it is claimed that no cause of action against the defendant wras stated.
In support of this claim, defendant relies on Greer v. Greer, 2 Ohio St. 575, and Taylor v. Thorn, 29 Ohio St. 569. True, there are some dictain those cases that would support the claim, especially in the latter case, where it is said that “ the right to maintain an action on claims against an estate presented to and allowed by the administrator is prohibited by law.” The point decided by the court was, that the statute of limitations does not run in favor of an estate against a claim duly allowed by the administrator, so that the question now under consideration was not necessarily involved in the decision *119 of that case. The case of Greer v. Greer, was on the bond of an administrator,, and not against the estate, so that nothing in that case or in the opinion, concludes the case now before us.
If the defendant was exempt from being- sued on the claim stated in the petition the exemption must be found in some statutory provision ; and the only statute relied on is as follows:
Revised Stat. § 6108 (S. & C. 584, § 96): “ No executor or administrator shall be liable to the suit of a creditor of the deceased, until after the expiration of eighteen months from the date of his administration bond, or the further time allowed by the court for the collection of the assets of the estate; unless it be for the recovery of a demand that would not be effected by the insolvency of tlie estate ; or unless it be brought after the estate lias been represented insolvent, for the purpose of ascertaining a claim that is contested ; or unless the claim has been exhibited to the executor or the administrator, and has been disputed or rejected by him.”
This section, instead of supporting the claim made by demurrant, is, by implication, strongly against it. The petition avers that eighteen months from, the date of the administration bond and the further time allowed by the court for the collection of the assets of the estate had expired, and that the estate was solvent; thus showing that the plaintiff was entitled to payment, and that the period of defendant’s exemption from suit had elapsed.
The claim that the only remedy of a creditor .for the payment of an allowed debt is under section 6210 of Revised Statutes is fallacious. That section is as follows:
“After a creditor is entitled by law to the payment of his debt, from the executors or administrators, and the amount of the claim has either been admitted to be just or allowed by them, or has been ascertained by judgment or award against them, or Uy an order of distribution, the bond given by them for the discharge of their trust, may be put in suit by such creditor, if tlie executors or administrators shall neglect, upon demand made by such creditor, to pay such claims.”
The remedy on the bond is cumulative, not exclusive. *120 Suppose the makers of the bond be insolvent, and the estate solvent, can there be any doubt that the creditor would be entitled to judgment, and execution against the assets of the estate ? Surely not. Section 6107 provides that all executions against executors or administrators for debts due from the deceased shall, except in cases otherwise provided for, run against the goods and estate of the deceased in their hands.
The demurrer to the petition was properly overruled.
The issues of fact made by and upon defenses one, two and three, were found by the jury in favor of plaintiff, and 'as to the matters submitted to the jury, the only error assigned, that need be mentioned, is, that the court ruled out the following testimony offered by defendant in support of defense number two: namely, that Sutherland before he allowed these claims against the estate, as administrator da bonis non, had been verbally notified by the widow of Truex not to allow them. No other testimony was offered tending to prove the collusion and fraud charged in the second defense, and taken alone, we think the evidence so rejected did not tend to prove the defense alleged. If the rejected testimony had been admitted and no other evidence in support of this defense had been offered, we think the court should have directed the jury, on this issue, to find for the plaintiff. Hence, its rejection was not prejudicial to the defendant.
Did the court of common pleas err in sustaining the demurrer to the 4th defense ? This defense alleges that more than fifteen years had elapsed between the maturity of the notes and the commencement of the action.
It was alleged in the petition that Sutherland as administrator da bonis non had allowed this claim as a valid claim against the estate on the 4th day of January, 1868, less than fifteen years from the maturity of the notes. This fact was not denied by the answer. By this allowance the statute ceased to run against the claim. Taylor v. Thorn, 29 Ohio St. 569. By failing to deny the fact of allowance as pleaded in the petition, it must be regarded, under the statute, as admitted, and being admitted, it was wholly immaterial that fifteen years had elapsed from the maturity of the note to the commencement *121 of the action thereon. Upon such a record, we think, the question on the demurrer was the same as if the answer had admitted the allowance of the claim by Sutherland on the day named in the petition. Hence, there was no error in sustaining this demurrer.
The demurrer to the fifth defense raises this question, whether or not the statute requiring a creditor of an estate to bring an action on his claim within six months after its rejection by the administrator, applies to a case, where the claim has been duly allowed by an administrator, and was rejected by the successor of the administrator allowing it.
The allowance of a claim when exhibited or presented to an administrator for allowance is not conclusive against the estate as to its validity. It may afterwards be disputed and contested by the administrator. But we think, the statute limiting the right of action to six months after the claim is rejected does not apply to a case where the claim is allowed upon presentation, and afterwards disputed; but only to cases where it is disputed or rejected upon presentation for allowance. The statute is (Sec. 6097, Rev. Stats.): “ If a claim against the estate of a deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt ... be then due . . . commence suit for the recovery thereof or be forever barred.” It would seem clear, that such suit must be commenced within six months after the rejection, although an administrator cle bonis non may, during that period, have succeeded. If the estate be entitled to the advantage resulting from rejection of a claim in such case, why should it not be bound by an “allowance” made by a former administrator?
We think it is so bound, and therefore the rejection of the claim in this case by the defendant had no other effect- upon it, than would a subsequent notice by Sutherland, after he allowed the claim, of his intention to contest it.
An administrator cle bonis non takes the estate from his predecessor in the same condition he left it. All acts lawfully *122 done in the discharge of his trust by the former administrator are binding on his successor. The law recognizes a privity of estate between them, and it follows, that the case, in this respect, stands exactly as if the same administrator who allowed the claim had afterwards repudiated it.
There was no error in sustaining the demurrer to this defense.
The only question which remains to be considered, as arising upon the demurrer to the sixth defense, as it appears to us, is that the plaintiffs claim was not allowed by Thomas as executor of Truex, within the period of four years after his giving bond as such executor.
During the whole of this period Thomas was executor of the creditor as well as of the debtor estate. In such double relation he could not deal or contract with himself, but whenever funds belonging to the debtor estate and applicable to the payment of the creditor estate came into his hands, he was bound to treat the same as assets of the creditor estate, to the extent of the indebtedness. If mistakes occur in making transfer of such accounts, they may be corrected on settlement of his final accounts with the probate court. No formal “ allowance ” of the claim was necessary; but if it were, the credits indorsed upon the notes during the double relation, sufficiently show that such allowance was made.
We find no error in the record of the court of common pleas, for which the judgment of that court should have been reversed.
Judgment of district court reversed, and that of the common fleas affirmed.